# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**BIVEN HUDSON,**

        Petitioner,

v.                              **Civil Action No. 5:21-CV-47**
                                    Judge Bailey

**WOLFE,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 9]. On March 30, 2021, petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Therein, petition alleges that his underlying conviction is no longer valid following the decision of the Supreme Court of the United States in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 29, 2021, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

1

## I. BACKGROUND

Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction from the Southern District of Florida.[1] On October 31, 2013, petitioner was indicted in the United States District Court for the Southern District of Florida for one count of possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(c). The indictment charged that petitioner, "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce [.]" A jury found petitioner guilty as charged in March 2014.

The evidence presented at trial demonstrated that petitioner was apprehended by Miami-Dade Police Officers in response to a reported burglary-in-progress. Petitioner was observed fleeing the burglarized residence with a pillowcase in his hands, which he dropped in front of investigating officers. The officers then apprehended and arrested petitioner after a foot chase and recovered the pillowcase. The pillowcase contained, among other things, a loaded handgun and approximately 100 rounds of ammunition.

Petitioner stipulated at trial that prior to the date of the subject burglary, he had been convicted in court of a felony offense punishable by imprisonment for a term in excess of one year. Moreover, the Presentence Investigation Report identified that petitioner had nine (9) prior felony convictions. The petitioner challenged the violent-felony designation of three of the offenses but did not object to the existence of any of the identified nine felonies. Petitioner was sentenced to 200 months imprisonment and five (5) years supervised release.

---

[1]Unless otherwise noted, the information in this section is taken from petitioner's criminal docket and habeas docket available on PACER. *See United States v. Hudson*, Crim. Action. No. 13-CR-20832-HUCK.

The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction and sentence, and the Supreme Court of the United States denied his petition for a writ of certiorari. Subsequently, petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which was denied by the trial court.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R [Doc. 11] on May 12, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the current petition, petitioner challenges the validity of his conviction under 18 U.S.C. § 922(g)(1) following the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More specifically, petitioner alleges that the Government failed to prove that he knowingly possessed a firearm and that he knew he fell within the relevant prohibited status. For relief, petitioner requests that his conviction be vacated, and he be released without further opposition. Petitioner's arguments and request for relief are nonsensical in light of the evidence and applicable law discussed herein.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

4

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must satisfy *Jones* for this Court to have subject-matter jursidction to evaluate the merits of petitioner's claims.

Here, the magistrate judge found that the petition should be dismissed because petitioner cannot meet the second prong of the *Jones* test. In particular, the magistrate judge found that the crime for which petitioner was convicted remains a criminal offense and that he therefore cannot meet the second element of *Jones*. [Doc. 9 at 6–11]. The R&R notes that "several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is still illegal." [Id. at 8] (citations omitted).

On May 12, 2021, petitioner filed Objections. *See* [Doc. 11]. Therein, petitioner contends in his primary argument that he can satisfy the second element of *Jones*. [Id. at 2]. In support, petitioner relies upon *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), in which the Fourth Circuit discussed *Rehaif*, for the proposition that "post-*Gary*, [18 U.S.C. §§ 922(g) and 924(c)] appl[y] only to felons who knew they were in a class prohibited from possessing fire-arms." [Id. at 11]. In light of *Gary*, petitioner contends that a substantive change in the law occurred such that the underlying conduct of which petitioner was convicted

is no longer deemed to be criminal, thereby satisfying the second element of *Jones*. [Id. at 2–3].

As noted by the Magistrate Judge, this Court and others within the Fourth Circuit have held that *Rehaif* did not change the substantive law for purposes of the second prong of *Jones* because the conduct for which petitioner was convicted is still illegal. *See, e.g. Swindle v. Hudgins*, No. 5:19-CV-300, 2020 WL 469660, at *2 (N.D. W.Va. Jan. 29, 2020) (Bailey, J.) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); *Clark v. Saad*, No. 3:19-CV-14, 2020 WL 1934966, at *3 (N.D. W.Va. Apr. 22, 2020) (Groh, C.J.) (Finding that the second prong of *Jones* was not met because the underlying conduct remains a crime); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (Conrad, J.) (collecting Fourth Circuit cases holding the same). Accordingly, this Court agrees with the Magistrate Judge that petitioner is unable to satisfy the § 2255 savings clause and his objections are overruled.[2]

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's

---

[2] In his second objection, petitioner contends he has satisfied the third element of *Jones*. Even assuming the third element is satisfied, this Court lacks jurisdiction based on petitioner's failure to satisfy the second element. Petitioner's third argument stems from a conclusory recitation that he has satisfied the second element of *Jones*, which this Court rejects for the reasons articulated herein.

objections **[Doc. 11]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 13, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE